IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL B ZIDELL et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.  3:24-CV-2340-D |
| | § | |
| EAST WEST BANK et al., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiffs' complaint, filed September 16, 2024, appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to allege properly the citizenship of plaintiffs Michael B. Zidell ("Zidell"), the Michael B. Zidell 1997 Exempt Lifetime Trust ("1997 Trust"), and the Michael B. Zidell 2016 Exempt Lifetime Trust ("2016 Trust"), and of defendants East West Bank ("East West"), Cathay Bank ("Cathay"), and Citibank, N.A. ("Citibank"), for the following reasons:

☒  Failure to allege individual's citizenship as opposed to state of residency.  *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (allegations of residency, rather than of citizenship, are inadequate to invoke court's jurisdiction).  **The complaint alleges where Zidell resides rather than the state of which he is a citizen.  Compl. ¶ 1.**

☐  Failure to allege corporation's state of incorporation.  *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party.").

☒  Failure to allege corporation's principal place of business.  *Id.*  **Plaintiffs appear to allege that defendants East West and Cathay are incorporated in the state**

**of California, but have failed to plead their principal places of business.**[*] **Compl. ¶¶ 4, 6.**

☐ Failure to allege citizenship of all members of limited liability company. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); s*ee also MidCap Media Fin., L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 314 (5th Cir. 2019) ("[T]o establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC." (quotation marks and citation omitted)).

☐ Failure to allege citizenship of all members of a professional limited liability company. *See Hawk v. Bank of Am., N.A.*, 2015 WL 11347683, at *2 (N.D. Ga. Apr. 15, 2015) ("A PLLC (professional limited liability company), like an LLC (limited liability company), holds the citizenship of its members."); *Stamper v. Wilson & Assocs., P.L.L.C.*, 2010 WL 1408585, at *10 (E.D. Tenn. Mar. 31, 2010) ("The Court agrees that PLLC[s] which are similar in structure to LLC[s] should be treated like partnerships for determining diversity jurisdiction. In other words, a PLLC's citizenship is that of its individual members.").

☐ Failure to allege citizenship of all limited partners of a limited partnership. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

☒ Failure to properly plead the citizenship of a trust: if the trust's citizenship is governed by *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464-65 (1980), to identify and plead the citizenship of each trustee who is a real party in interest; if the trust's citizenship is governed by *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016), to identify and plead the citizenship of each member of the trust; and if the trust's citizenship is determined on another basis under the controlling law, to properly plead the trust's citizenship on that basis. **If the citizenship of the 1997 Trust and 2016 Trust is governed by *Navarro Savings Association*---which the court assumes that it is---plaintiffs must plead the citizenship, as opposed to residency, of the trustee, i.e., Zidell. Compl. ¶¶ 1-3.**

☒ Failure to plead the state in which a national bank's main office is located. *See* 28 U.S.C. § 1348; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A]

---

[*] *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) ("A business organized as a corporation, for diversity jurisdiction purposes, is 'deemed to be a citizen of any State by which it has been incorporated' and, since 1958, also 'of the State where it has its principal place of business.' § 1332(c)(1). State banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within this prescription.").

- 2 -

national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). **The complaint alleges the location of the headquarters of defendant Citibank, but does not plead the state in which its main office is located. Compl. ¶ 8.**

☐ Failure to plead the citizenship of each of an unincorporated insurance association's underwriters. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

☐ Failure to distinctly and affirmatively allege the citizenship of each party. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that allegation that defendant was not citizen of particular states did not establish citizenship for diversity purposes).

☐ Failure to allege that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

Until plaintiffs properly allege the citizenship of the parties identified in this order, this court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam).  Accordingly, no later than 14 days from the date of this order, plaintiffs must file an amended complaint that properly alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332; otherwise, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

**SO ORDERED**.

September 23, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE